UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOAN GORDON,

                    Plaintiff,

                                               CIVIL CASE NO. 05-40385

v.

CITY OF DETROIT, DARREN               HONORABLE PAUL V. GADOLA
STALLWORTH, and SGT. J. ALLEN, and other   U.S. DISTRICT COURT
unnamed officers, in their individual and official
capacities, jointly and severally,

                    Defendants.
_____/

## ORDER OF PARTIAL REMAND

Defendant City of Detroit filed a notice of removal on December 20, 2005. Plaintiff's complaint, which is attached to the notice of removal, contains five counts. The first count alleges gross negligence, negligence, assault and battery, false arrest and false imprisonment. The second count alleges deprivation of constitutional rights guaranteed by the United States Constitution and the Michigan Constitution. The third count alleges negligent training and supervision. The fourth count states an entitlement to exemplary and punitive damages. The fifth count alleges ethnic intimidation. Thus, the first, third and fifth counts state claims under state law, while the second count states a mixed claim under both state and federal law. The fourth count does not state a claim insofar as it does not state any new injury. Instead, it merely asserts a right to particular damages.

Thereby, the Court has federal question jurisdiction over part of Plaintiff's second claim, pursuant to 28 U.S.C. § 1331 and possible supplemental jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367. For the reasons set forth below, however, the Court

declines to exercise supplemental jurisdiction over Plaintiff's state law claims and will remand those claims to state court.

Under the standard enunciated in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966) and codified in 28 U.S.C. § 1367(c), this Court has broad discretion to exercise its supplemental jurisdiction. Even where "the [Court] arguably ha[s] supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a), the [C]ourt has discretion to decline to exercise its supplemental jurisdiction. . ." *Cirasuola v. Westrin*, No. 96-1360, 1997 WL 472176, at *1 (6th Cir. Apr. 18, 1997), *aff'g*, 915 F. Supp. 909 (E.D. Mich. 1996) (Gadola, J.).

As the Supreme Court held in *City of Chicago v. International College of Surgeons*:

> [T]o say that the terms of § 1367(a) authorize the district courts to exercise supplemental jurisdiction over state law claims . . . does not mean that the jurisdiction must be exercised in all cases. Our decisions have established that pendent jurisdiction "is a doctrine of discretion, not of plaintiff's right," [*Gibbs*, 383 U.S. at 726], and that district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons, [*id.* at 726-27]. *See also* [*Carnegie-Mellon Univ. v.*] *Cohill*, 484 U.S. 343, 350 (1988) ("As articulated by Gibbs, the doctrine of pendent jurisdiction thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values"). Accordingly, we have indicated that "district courts [should] deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." *Id.* at 357.
>
> . . . Depending on a host of factors, then—including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims—district courts may decline to exercise jurisdiction over supplemental state law claims. The statute thereby reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *Cohill*,[484 U.S. at 350].

522 U.S. 156, 172-73 (1997).  *See also San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478-79 (9th Cir. 1998); *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995); *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995); *Diven v. Amalgamated Transit Union Int'l & Local 689*, 38 F.3d 598, 601 (D.C. Cir. 1994); *Brazinski v. Amoco Petrol. Additives Co.*, 6 F.3d 1176, 1182 (7th Cir. 1993).  *But cf. Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 447-48 (2d Cir. 1998).

In exercising its discretion, therefore, the Court must look to considerations of judicial economy, convenience, fairness, and comity, and avoid needless decisions of state law.  *See Int'l Coll. of Surgeons*, 522 U.S. at 173; *Cohill*, 484 U.S. at 350; *Gibbs*, 383 U.S. at 726; *see also* Wright, Miller & Cooper, Federal Practice & Procedure, Jurisdiction 2d § 3567.1.

Litigation in the federal courts involving federal law claims together with supplemental state law claims has caused procedural and substantive problems.  Even if the federal and state claims in this action arise out of the same factual situation, litigating these claims together may not serve judicial economy or trial convenience.

Because federal and state law each have a different focus, and because the two bodies of law have evolved at different times and in different legislative and judicial systems, in almost every case with supplemental state claims, the courts and counsel are unduly preoccupied with substantive and procedural problems in reconciling the two bodies of law and providing a fair and meaningful proceeding.

The attempt to reconcile these two distinct bodies of law often dominates and prolongs pre-trial practice, complicates the trial, lengthens the jury instructions, confuses the jury, results in

inconsistent verdicts, and causes post-trial problems with respect to judgment interest and attorney fees. Consequently, in many cases the apparent judicial economy and convenience of the parties' interest in the entertainment of supplemental state claims may be offset by the problems they create.

Such is the case here. Plaintiff's state law claims would substantially expand the scope of this case beyond that necessary and relevant to the federal claim under the 42 U.S.C. §§ 1983, 1985 1986 & 1988. The Court finds that the state law claims substantially predominate over the federal claim. *See* 28 U.S.C. § 1367(c)(2). Moreover, the Court finds that judicial economy, convenience, fairness, and comity counsel against exercising supplemental jurisdiction in this case. *See Int'l Coll. of Surgeons*, 522 U.S. at 173; *Cohill*, 484 U.S. at 350; *Gibbs*, 383 U.S. at 726. Therefore, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state law claims and will remand the claims to the Wayne County Circuit Court.

**ACCORDINGLY, IT IS HEREBY ORDERED** that all of Plaintiff's state law claims (Counts I, III & V, Count II as it relates to Michigan constitutional rights, and Count IV insofar as it can be construed as a separate claim) are **REMANDED** to the Circuit Court for the County of Wayne, Michigan.

**IT IS FURTHER ORDERED** that only Plaintiff's claim arising under federal law (Count II as it relates to the United States Constitution) shall remain before this Court.

**SO ORDERED**.

Dated:  January 17, 2006               s/Paul V. Gadola
                                       HONORABLE PAUL V. GADOLA
                                       UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on  January 17, 2006 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
     Jerry L. Ashford; Chui Karega                          , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                            .

                                         s/Ruth A. Brissaud
                                         Ruth A. Brissaud, Case Manager
                                         (810) 341-7845

5